UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORIN ALMINDE,

    Plaintiff,

v.                            Case No. 8:18-cv-746-T-33CPT

ANDREW M. SAUL,
Commissioner of
Social Security,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff Lorin Alminde's Unopposed Motion for Award of Attorney's Fees (Doc. # 34), filed on October 23, 2019. Alminde is seeking an award of $8,256.28 in attorney's fees. For the reasons that follow, the Court grants the Motion.

**I.    Eligibility for Award of Fees**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially

1

justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

**A.  Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. ## 32-33). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Alminde qualifies as the prevailing party in this action.

**B.  Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final

judgment in the action. 28 U.S.C. § 2412(d)(1)(B). This requirement has been met here. This case was remanded upon order of this Court on August 21, 2019, and Judgment was entered the next day. (Doc. ## 32-33). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), either party had 60 days to file an appeal. The Judgment therefore became final as of October 21, 2019, and this request for attorney's fees was presented within thirty days of that date. Thus, the application is timely filed.

### C. Claimant's Net Worth

Alminde states that his net worth was less than $2 million at the time this action was filed (Doc. # 34 at 2), and the Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### D. Lack of Substantial Justification

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies [this] burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla. Nov. 20, 2012). In this case, the Commissioner does not

dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

**E.  No Special Circumstances**

Finally, the Commissioner has not made a claim that any special circumstances exist that weigh against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

**II. Amount of Fees**

Having determined Alminde is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Alminde requests an award of $8,256.28 in attorney's fees, representing 40.9 attorney hours total at an average hourly rate of $202.50 for hours billed in 2018 and $203.75 for hours billed in 2019. (Doc. # 34 at 3).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A)(ii).

4

The Court determines the requested hourly rate is appropriate. Here, the proposed hourly rate is either $202.50 or $203.75, which counsel calculated based on increases in the consumer price index. (Doc. # 34 at 3). The Commissioner does not oppose Alminde's proposed hourly rate. Thus, the Court will adopt the proposed rate. The Court also determines that 40.9 hours of attorney time is reasonable in this case. Therefore, the Court finds the requested fee of $8,256.28 to be reasonable.

III. **Payment of Fees**

The Supreme Court established in Astrue v. Ratliff, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his attorney. Here, Alminde has assigned the EAJA payment to his attorney. (Doc. # 34 at 3). The parties agree that after the Court grants the Motion for attorney's fees, the Commissioner will determine whether Alminde owes a debt to the government. (Id.). "If the U.S. Department of the Treasury determines that [Alminde] does not owe a federal debt, the government will accept [Alminde]'s assignment of EAJA fees and pay fees directly to [Alminde]'s

counsel." (Id. at 3-4). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Lorin Alminde's Unopposed Motion for Award of Attorney's Fees (Doc. # 34) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of October, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE